IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BOU-MATIC, LLC,

                                          ORDER

                   Plaintiff,

                                      08-cv-441-bbc

     v.

R.J. FULLWOOD & BLAND, LTD.,
FULLWOOD FUSION ELECTRONICS
B.V., FULLWOOD LIMITED, and
FP HOLDINGS N.V. CORP.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for monetary relief brought under Wisconsin law. Although plaintiff alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332, upon review of plaintiff's complaint, I cannot determine whether plaintiff's allegation is correct.

      Section 1332 requires complete diversity of citizenship. A case is between diverse citizens if it is between "citizens of different States," § 1332(a)(1), or "citizens of a State and citizens or subjects of a foreign state," § 1332(a)(2). The citizenship of a business entity is determined by its organizational structure. A corporation is deemed a citizen both of the state in which it is incorporated and the state in which its principal place of business is

1

located.  28 U.S.C. § 1332(c)(1); <u>Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.</u>, 385 F.3d 737, 741 (7th Cir. 2004).

Plaintiff's first problem is that it does not identify *both* citizenships of those defendants it identifies as corporations.  It alleges only that defendant Fullwood Fusion Electronics, B.V. is a "Netherlands corporation," that defendant Fullwood Limited is a "United Kingdom corporation" and that defendant F.P. Holdings N.V., Corp. is a "Belgium corporation."

Because most defendants are foreign corporations, it may seem unnecessary to establish their respective principal places of business because they appear to be "citizens . . . of a foreign state" under § 1332(a)(2), while plaintiff does not.  However, a recent decision from the Court of Appeals for the Seventh Circuit leads me to conclude that it is necessary to determine the location of each defendant's principal place of business even for foreign corporations.  Even such corporations may have domestic "citizenships" relevant to determining the existence of diversity jurisdiction. <u>MAS Capital, Inc. v. Biodelivery Sciences International, Inc.</u>, 524 F.3d 831, 833 (7th Cir. 2008).  In <u>MAS Capital</u>, the court of appeals considered how to assess diversity jurisdiction when one of the parties has one domestic citizenship and one international citizenship.  The plaintiff, MAS Capital, was incorporated in Nevada but had its principal place of business in Taiwan, while the defendants were incorporated in and had their principal places of business in states other

than Nevada. The court held that § 1332(a)(2) could not apply because the "foreign" corporation had a domestic citizenship. Id. at 832. Instead, the court found diversity jurisdiction under § 1332(a)(1), concluding that the parties were "citizens of different States." Id. at 833. The court rejected the notion that MAS Capital could not be a "corporation" for the purpose of determining citizenship under § 1332(c)(1) because it had only one domestic citizenship. Id. The court explained: "it seems to us more compatible with the structure of § 1332 to treat corporations as corporations, and then track down as many citizenships as each has." Id. The upshot of this conclusion is that when deciding whether diversity may be established under § 1332(a)(1) or § 1332(a)(2), a court should determine both the jurisdiction of incorporation and the principal place of business of each corporation. If the corporation has a domestic "citizenship," § 1332(a)(1) applies, not § 1332(a)(2). Although MAS Capital applied this principle to a domestic corporation with a foreign principal place of business, the reasoning applies equally to a foreign corporation with a domestic principal place of business. Section 1332(c)(1) does not distinguish between these types of "citizenship." Because it is possible that one or more of defendant corporations could have a domestic principal place of business, plaintiff must allege the location of defendants' principal places of business before I can determine whether diversity jurisdiction is present.

Plaintiff has yet another obstacle to establishing diversity jurisdiction. Plaintiff alleges

3

that it is a limited liability company and that defendant R.J. Fullwood & Bland Limited is a "United Kingdom limited liability company."  "For diversity jurisdiction purposes, the citizenship of [a limited liability company] is the citizenship of each of its members." Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted).  Thus, before I can assess whether there is diversity jurisdiction, plaintiff must allege facts detailing the citizenship of each of its members and each of the members of defendant R.J. Fullwood & Bland Limited.

Although it may be unlikely that these foreign corporations and limited liability company would have citizenship overlapping defendant's, the possibility remains, and it would be a waste of limited judicial resources to proceed further in a case in which jurisdiction may not be present.  Therefore, I will give plaintiff until November 4, 2008 in which to submit a supplement to the complaint alleging the locations of the principal places of business of the corporate defendants and the locations of the citizenships for each of its members and for each member of the limited liability company defendant.  Plaintiff is reminded that, to the extent any member of either limited liability company is an individual person, it is the *citizenship*, not the residency, of individual persons that matters for diversity

4

jurisdiction purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).

## ORDER

IT IS ORDERED that plaintiff Bou-Matic, LLC may have until November 4, 2008 in which to submit a supplement to its complaint alleging the location of the principal place of business of defendants Fullwood Fusion Electronics, B.V., Fullwood Limited and F.P. Holdings N.V., Corp. and alleging the location of citizenship of each of plaintiff's members and each member of defendant R.J. Fullwood & Bland Limited. Failure to comply with this deadline will result in the dismissal of the case for lack of subject matter jurisdiction.

Entered this 21st day of October, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

5